## SUN INSURANCE CO. *v.* KOUNTZ LINE.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

Petition for rehearing. Presented October 11, 1887. Decided October 24, 1887.

The mandate in *Sun Insurance Co.* v. *Kountz Line*, 122 U. S. 583, is modified in manner as shown in the order herein announced.

THIS cause was decided at the last term of court, and is reported at 122 U. S. 583 *et seq.* After the opinion of the court was handed down, and on the same day, the counsel of the plaintiff in error moved for a stay of the mandate, and for leave to file a petition for a rehearing. Both motions were granted. During vacation the petition was lodged in the office of the Clerk of the Court, and, on the opening of the court at the present term, it was presented to the Chief Justice and the Associate Justices. The petition was as follows:

" Come the appellees, by counsel, and move the court (leave therefor being obtained) to grant a rehearing in this cause on behalf of the appellees, for the following reasons:

" *First.* That there is no such legal evidence in the record as would sustain the conclusion that the several transportation companies are jointly liable with the H. C. Yeager Transportation Company for the loss of the produce and merchandise shipped on the steamboat Henry C. Yeager at St. Louis on the 21st May, 1880, or that it was ever the intention of the respective owners of said boats to be partners, or to hold

themselves out as partners, or that they actually held themselves out as partners.

"*Second.* That the statutes of the United States having fixed the jurisdiction of the Supreme Court at $5000, and the claim of one of the appellants (the Hibernian Insurance Company) being only $4829.73, and no claim for interest or damages being made in the libel, nor allowed by any judgment of court, nor allowed by the laws of Louisiana, under such circumstances, where the libel was filed, the appeal as to it should have been disallowed.

"*Third.* That the decree of the Circuit Court is simply 'reversed,' with directions to that court to set aside all orders inconsistent with, and to enter such orders and decree as may be in conformity to, the principles of this opinion, and that it is impossible to determine whether this is as to all the parties libellants, or which of them, as this court did not limit or define its order of 'reversal.'"

*Mr. Attorney General, Mr. Charles B. Singleton,* and *Mr. R. H. Browne* for the petitioner cited: *Rich* v. *Lambert,* 12 How. 347, 352, 353; *Seaver* v. *Bigelows,* 5 Wall. 208; *Oliver* v. *Alexander,* 6 Pet. 143; *Stratton* v. *Jarvis,* 8 Pet. 4; *Stewart* v. *Dunham,* 115 U. S. 61; *Gibson* v. *Shufeldt,* 122 U. S. 27; *Lincoln* v. *Claflin,* 7 Wall. 132, 139; *Olney* v. *Steamship Falcon,* 17 How. 19; *Hemmenway* v. *Fisher,* 20 How. 255; *Brown* v. *Bessou,* 30 La. Ann. 734; *Citizens' Bank* v. *McCondran,* 22 La. Ann. 53; *Saunders* v. *Taylor,* 7 Martin, N. S. 15; *Baudin* v. *Conway,* 2 La. 513; *Thompson* v. *First National Bank of Toledo,* 111 U. S. 537; *The S. B. Wheeler,* 20 Wall. 385; *Merchants' Ins. Co.* v. *Allen,* 121 U. S. 67; *Dickinson* v. *Valpy,* 10 B. & C. 128; *Pott* v. *Eyton,* 3 C. B. 32; *Edmundson* v. *Thompson,* 7 H. & N. 1027; *Irvin* v. *Conklin,* 36 Barb. 64; *Ward* v. *Pennell,* 51 Maine, 52; *Markham* v. *Jones,* 7 B. Mon. 457; *Wright* v. *Powell,* 8 Ala. 671; *Hefner* v. *Palmer,* 67 Ill. 161; *Campbell* v. *Hastings,* 29 Ark. 512; *Insurance Co.* v. *Railroad Co.,* 104 U. S. 146, 149; *Briggs* v. *Vanderbilt,* 19 Barb. 222; *Bonstel* v. *Vanderbilt,* 21 Barb. 26; *Brandt* v. *Virginia Coal & Iron Co.,* 93 U. S. 326.

MR. JUSTICE HARLAN:

The rehearing asked is denied and the mandate is modified so as to read as follows:

"The decree, in so far as it dismisses the original libel of the appellants, the Sun Mutual Insurance Company of New Orleans and the Hibernia Insurance Company of New Orleans, and adjudges that the M. Moore Transportation Company and the K. P. Kountz Transportation Company, respectively, recover from said appellants the cost and expenses of the seizure, detention and sale of the steamboats J. B. M. Kehlor and Katie P. Kountz, respectively, is reversed, and the cause is remanded with directions to the court below to set aside all orders inconsistent with the rights of said appellants as declared in the opinion of this court, and to enter such orders and decrees as may be in conformity therewith."